Jessie WILLIAMS, Libellant,

v.

**LYKES BROS. STEAMSHIP CO., Inc.,** Respondent.

No. 2586.

United States District Court E. D. Louisiana, New Orleans Division.

Aug. 11, 1955.

Arnold C. Jacobs, New Orleans, La., for libellant.

Terriberry, Young, Rault & Carroll, William E. Wright, New Orleans, La., for respondent.

WRIGHT, District Judge.

Jessie Williams, while working as a longshoreman aboard the S.S. Briton Lykes on July 5, 1953, as an employee of the New Orleans Stevedoring Company, was injured when a stanchion, which acted as a support for the overhead of the 'tween-deck, fell and struck him on the head. This action, charging negligence on the part of the owner and unseaworthiness of the vessel, seeks damages arising from injuries and loss of earnings suffered by Williams.

The evidence is uncontradicted that the stanchion, which is composed of heavy metal 14 or more feet in length, fell over and hit Williams on the head, causing him to fall from the 'tween-deck some 13 feet into the hold of the vessel where he landed on his head in a truck, which had been loaded as cargo for shipment aboard the vessel. The evidence does not offer an explanation as to why the stanchion fell except the inference that it was improperly in place.

Williams was taken in an unconscious condition to the hospital where he remained for fourteen days. From the

date of the accident to the date of the trial, Williams has been unable to work because of what the doctors have defined as a post-cerebral concussive syndrome. The evidence also shows that Williams suffered an injury to his cervical spine which has resulted in the narrowing of the space between the fifth and sixth cervical vertebrae.

The medical testimony is in dispute. This court credits the testimony of Dr. Kirgis of the Ochsner Foundation Hospital, a qualified neurosurgeon, and Dr. Johnson, a qualified neurologist and psychiatrist, both of whom testified for libellant. The testimony of respondent's medical witnesses is not credited except in so far as they admit that libellant is not a malingerer. While the prognosis on Williams is guarded, all the doctors suggest that Williams attempt now to return to work.

The evidence in the form of income tax returns filed by Williams for the years preceding his accident shows his average net annual earnings to be, after deducting income tax, $3,070.71. Williams' medical and hospital expenses were paid by his employer's compensation carrier which has not intervened.

Unseaworthiness of the vessel alone fixes liability on the vessel owner where that unseaworthiness is the proximate cause of the damage in suit. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. Where, as here, without apparent cause, a supporting member of the deck of a vessel falls over and injures a longshoreman working in the hold of the vessel, the vessel is unseaworthy and her owner is responsible in damages for the injury. Mahnich v. Southern Steamship Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.

Libellant's damages proximately caused by the accident are found to be as follows: loss of earnings from date of accident, July 5, 1953, to date of trial, May 20, 1955, $6,000; pain and suffering $4,000.

Decree accordingly.